Aureliano MORALES, et al.

v.

H.I.D.T.A., et al.

Civil Action No. 2003–19.

District Court, Virgin Islands,
D. St. Croix.

Oct. 23, 2007.

Lagoon in St. Croix. Plaintiffs assert negligence on the part of defendants and seek damages not only for the loss of their property but for physical and emotional injury to their persons.

The Government of the Virgin Islands now moves for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure. It argues that its liability, if any, is capped at $25,000 for each plaintiff under Virgin Islands law. There are no disputes of material fact with regard to the pending motion.[2] *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Government of the Virgin Islands points to the Territory's Tort Claims Act, 33 V.I.C. § 3408(a), which provides:

(a) Subject to the provisions of section 3416 of this chapter, the Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

Lee J. Rohn, Law Offices of Rohn & Cameron, St. Croix, VI, for Plaintiffs.

Andrew C. Simpson, Law Offices of Andrew Simpson, Melvin H. Evans, Jr., St. Croix, VI, for Defendants.

## MEMORANDUM

HARVEY BARTLE III, Chief Judge.

Plaintiffs Aureliano Morales and Almando Gonzales have sued the H.I.D.T.A.,[1] the United States Government, the Government of the Virgin Islands, and Officer Alderman Santos. Plaintiffs allege that on February 19, 2001 a Virgin islands Police patrol vessel called *The Lightning I* operated by defendant Santos collided with and sank their 14 foot fishing boat in Krause

---

1. H.I.D.T.A. stands for the "High Intensity Drug Trafficking Area."

2. Any dispute among the parties as to whether the United States or the Government of the Virgin Islands owned, operated, or controlled *The Lightning I* at the time of the incident in question is not material for present purposes.

The waiver of immunity, however, is subject to the following limitation in the Tort Claims Act: "[n]o judgment shall be awarded against the Government of the Virgin Islands in excess of $25,000." 33 V.I.C. § 3411(c).

The plaintiffs counter that the $25,000 limitation per plaintiff has no applicability here because the Government of the Virgin Islands has obtained an Ocean Marine Policy with Zurich American Insurance Company which provides for insurance coverage of $500,000 for any one occurrence. It is conceded that the policy provides coverage for the occurrence described in the first amended complaint.

The plaintiffs rely on the decision of the Court of Appeals for the Third Circuit in *Kock v. Government of the Virgin Islands*, 744 F.2d 997 (3d Cir.1984). There, the plaintiff, as administratrix, had sued the Government of the Virgin Islands for medical malpractice resulting in the death of her husband at one of its public hospitals. While the Tort Claims Act prohibited a judgment against the Government in excess of $25,000, the Virgin Islands Medical Malpractice Act authorized and directed the Commissioner of Health to purchase malpractice liability insurance for all health care providers required to be licensed in the Virgin Islands, including public hospitals. The statute required that the insurance policy provide the minimum coverage of $100,000 for each injured patient. Such insurance was in effect at the time of the incident in question. The Court of Appeals concluded that the mandate in the Malpractice Act for a minimum of $100,000 in coverage superseded the $25,000 damage limitation in the Tort Claims Act. It observed:

> We can think of no other reasonable explanation for the legislature's inclusion of "public hospitals" within the definition of "health care providers" required to

have insurance protection. If "public hospitals" may never be liable for $100,000 in damages, the insurance requirement is meaningless, We are not free to ignore the requirement, or to construe it in such a way as to give it no meaningful effect.

*Kock,* 744 F.2d at 999.

The present action is quite different than *Kock,* Here, the Medical Malpractice Act is not involved. Unlike *Kock,* only the Tort Claims Act is implicated. There is no other statute called to our attention which increases the damage liability of the Government of the Virgin Islands for the wrongful destruction of personal property or for any resultant personal and emotional injuries.

The fact that the Government of the Virgin Islands has a $500,000 insurance policy to cover the wrongful acts set forth in the first amended complaint cannot in and of itself increase its exposure to damages under the present circumstances. The Legislature of the Virgin Islands has imposed a $25,000 per plaintiff limitation. Simply because someone in the executive branch of the Territorial Government decided to purchase insurance above that amount does not alter the result. A government official or employee may hot unilaterally negate or modify a legislative enactment such as the Tort Claims Act by obtaining excess insurance. Only the Legislature may change a statutory provision. *See Wiltshire v. Government of the Virgin Islands,* 893 F.2d 629, 633 (3d Cir.1990).

The Court of Appeals in *Kock* explained that "when a court infers legislative consent to be sued, it must proceed cautiously and with due respect for the government's sovereignty." *Id.* at 1000. The court: determined the inference of an expanded waiver to be " 'necessary and compelling' because ... we would otherwise be re-

quired to conclude that the virgin Islands legislature had included meaningless language in the Medical Malpractice Act." *Id.* In contrast, there is no necessary and compelling inference of expanded waiver here because the Legislature has not modified or superseded the Tort Claims Act to increase the $25,000 cap on damages under the circumstances alleged by plaintiffs. The plain meaning of the Tort Claims Act, the absence of a superseding statute, and caution and respect for governmental sovereignty compels us to grant the motion of the Government of the Virgin Islands for partial summary judgment.

### ORDER

AND NOW, this 23rd day of October, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that:

(1) the motion of defendant, the Government of the Virgin Islands for partial summary judgment is GRANTED; and

(2) no judgment in favor of plaintiffs Aureliano Morales and Almando Gonzales and against the Government of the Virgin islands shall be awarded in excess of $25,000 for each plaintiff.